Totten, J.
delivered the opinion of the court.
The prisoner, a slave, was convicted in the circuit court of Rutherford, of a robbery from the person’ of James Hutchinson. A motion in arrest of judgment was sustained, and the attorney for the State has appealed in error to this court.
The question is, therefore, on the indictment, and the objection made is, that it doés not aver that the goods were taken from the person of the prosecutor and against his will. The offence at common law is defined to be “a felonious taking of money or goods of any value from the person of *169 another, or in his presence against his will, by violence or patting in fear.” 2 East. P. C. 707, Roscoe Cr. Ev. 733.
Now to constitute this offence, the goods must be taken from the person of the prosecutor or in his presence, and against his will. It is sufficient if taken in his presence, or where by intimidation “he is compelled to open his desk or to throw down his purse, and then the money is taken in his presence.” United States vs. Jones, 3 Wash. C. C. Rep. 209.
It is this personal violence or putting in fear that distinguishes the offence from other larcenies.
It may, indeed, be inferred from the averments contained in the indictment, that the goods were taken from the person of the prosecutor and against his will; but in criminal prosecutions, of the grade of felony at least, nothing that goes to the substance of the offence should be left to intendment, it should be directly averred.
The indictment omitting these material averments, necessary to define the offence, is, therefore, defective, and the judgment was properly arrested.
The judgment in arrest, will be affirmed.